IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES ALBERT LANGLEY,

       Plaintiff,

v.                                         Case No. 3:17-cv-03520

HUNTINGTON WEST VIRGINIA HPD
(Arresting Officer); WESTERN REGIONAL
JAIL (C. O. Michael York); PRIME CARE
MEDICAL, INC. (Nurse Jolaina);
WEXFORD HEALTH SOURCES, INC.
(Dr. Charles Lye); W. V. DEPT. of
CORRECTIONS (Commissioner Jim
Rubenstein),

       Defendants.

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion for the Appointment of Counsel. (ECF No. 16). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims

in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Here, Plaintiff argues that his case justifies the appointment of counsel because he has been unable to find an attorney willing to accept his case. Unfortunately, this ground is not exceptional. Many *pro se* litigants are unable to find lawyers willing to represent them, and many lack funds to hire counsel on an hourly basis. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his presumed lack of legal training, these limitations likewise do not, in and of themselves, satisfy the "exceptional" standard to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D. W. Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, the undersigned finds Plaintiff to be capable of presenting his claims at this stage of the litigation. Accordingly, Plaintiff's motion must be denied.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** July 25, 2017

Cheryl A. Eifert
United States Magistrate Judge