IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMES ALBERT LANGLEY,**

    **Plaintiff,**

v.                                                  Case No. 3:17-cv-03520

**HUNTINGTON WEST VIRGINIA HPD
(Arresting Officer); WESTERN REGIONAL
JAIL (C. O. Michael York); PRIME CARE
MEDICAL, INC. (Nurse Jolaina);
WEXFORD HEALTH SOURCES, INC.
(Dr. Charles Lye); W. V. DEPT. of
CORRECTIONS (Commissioner Jim
Rubenstein),**

    **Defendants.**

## **ORDER**

Pending are Plaintiff's Motion to Compel, (ECF No. 23), and Motion to Clarify, (ECF No. 24). In the Motion to Compel, Plaintiff explains the difficulty he has encountered in trying to obtain the name of the officer who arrested Plaintiff on July 11, 2015. Given that Plaintiff has named the unknown officer as a defendant in this case, Plaintiff is entitled to know the name of the officer. Therefore, the Motion is **GRANTED**. The Huntington Police Department is hereby **ORDERED** to provide Plaintiff with the name of the arresting officer within **seven days** of the date of this Order. The Huntington Police Department is also **ORDERED** to provide the name and address of the officer to the Clerk of Court for service of process. The Clerk is instructed to keep the address of the officer confidential by redacting it on the summons filed in CM/ECF.

In the Motion to Clarify, Plaintiff indicates that he just learned of the West Virginia statute governing the filing of medical negligence claims, which requires a Notice of Claim to be served prior to instituting a civil action. Plaintiff asks the Court to not dismiss the portion of his complaint relating to medical care even though he failed to serve a Notice of Claim. As no Motion to Dismiss is pending, the Court **DENIES** Plaintiff's Motion to Clarify as premature.

Plaintiff is advised, however, that a federal lawsuit filed under 42 U.S.C. § 1983, which asserts that a prison official was deliberately indifferent to an inmate's serious medical need, is a **constitutional** claim, rather than a **medical negligence** claim. As the two types of claims differ, the rules and requirements governing the claims may also differ. Plaintiff should acquaint himself with any such differences to ensure that he is pursuing the correct claim in the correct court.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** August 7, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge