# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

JAMES ALBERT LANGLEY,  )
    Plaintiff,  )
        )
v.  )    Civil Action No. 3:17-cv-03520
        )
HUNTINGTON POLICE DEPT, *et al.*,  )
    Defendants.  )

## O R D E R

On this day, the undersigned conducted a Status Conference in the above case. Plaintiff appeared *pro se* and via video conferencing from the Northern Regional Jail; Defendants PrimeCare Medical, Jalayna Leonburg, and Jennifer Hatfield appeared by counsel, Anne Liles O'Hare, via telephone; Defendants Huntington Police Department and Officer Alex Marshall appeared by counsel, Nathanial A. Kuratomi; Defendants West Virginia Department of Corrections, Jim Rubenstein, and David Ballard appeared by counsel, Natalie N. Matheny, via telephone; Defendant Michael York appeared by counsel, Tyler B. Smith, via telephone; Defendants Wexford Health, Dr. Charles Lye, and Donna Warden appeared by counsel, Philip C. Petty, via telephone. During the hearing, the undersigned addressed several pending Motions.

First, the undersigned addressed Plaintiff's pending Motions to Compel (Document Nos. 34, 48, 78, 111.). Plaintiff agreed that the Motions to Compel filed on August 11, 2017, September 5, 2017, and September 28, 2017 (Document Nos. 34, 48, and 78) were filed prematurely. Plaintiff, therefore, agreed to withdraw the foregoing Motions. Accordingly, it is hereby **ORDERED** that Plaintiff's Motions to Compel filed on August 11, 2017, September 5, 2017, and September 28, 2017 (Document Nos. 34, 48, and 78) be **TERMINATED** from the docket.

1

Concerning the Motion to Compel filed on November 17, 2017, Plaintiff requested that the Records Department at Mt. Olive Correctional Complex ("MOCC") be compelled to provide the following: (1) Photos taken of Plaintiff on July 13, 2015; and (2) Audio recordings of all phone conversations by Plaintiff on October 5, 6, 7, 8, 2015. Plaintiff stated that he provided a money order for the cost of foregoing, but the Records Department a MOCC would not provide the foregoing without a Court Order. By separate Order, the undersigned has ordered the Record Department at Mt. Olive Correctional Complex to provide forthwith to Plaintiff the following: (1) Photos taken of Plaintiff on July 13, 2015; and (2) Audio recordings of all phone conversations by Plaintiff on October 5, 6, 7, 8, 2015. Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel (Document No. 111) be **DENIED as moot**.

Second, the undersigned addressed Plaintiff's Motion to Compel and Motion for Summary Judgment (Document No. 47). In his Motion, Plaintiff requested that the Huntington Police Department ("HPD") be compelled to comply with Judge Eifert's Order entered on August 7, 2017, regarding the name of the arresting officer. (Id.) Plaintiff further requested "summary judgment" in his favor based on HPD's failure to comply with Judge Eifert's Order. (Id.) During the hearing, Plaintiff agreed that his above Motion to Compel was rendered moot by HPD's identification and disclosure of the name of the arresting officer. (Document No. 104.) Plaintiff further agreed to withdraw his Motion for Summary Judgment. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Compel and Motion for Summary Judgment (Document No. 47) be **TERMINATED** from the docket.

Third, the undersigned addressed Plaintiff's Motion for Public Notification as to Commissioner Jim Rubenstein (Document No. 51). The undersigned noted that the Return Receipt card concerning service of Commissioner Rubenstein was returned unsigned. (Document No. 71.)

2

The Court then inquired as to whether Ms. Matheny would be willing to file a waiver of service on behalf of Commissioner Rubenstein. Ms. Matheny, however, informed the Court that she did not have authorization or authority to do such. Accordingly, the undersigned **ORDERED** Ms. Matheny to disclose to the Court, *in camera*, the home address of Commissioner Rubenstein by **December 12, 2017**.[1] Plaintiff thereby agreed that his Motion for Public Notification was moot. Therefore, it is further **ORDERED** that Plaintiff's Motion for Public Notification (Document No. 51) be **DENIED as moot**.

Fourth, the undersigned addressed Plaintiff's Motion to Clarify (Document No. 75). In the foregoing Motion, Plaintiff requested that the Court require HPD to comply with the Court's Orders requiring the identification of the arresting officer. Plaintiff agreed that the above Motion is now moot based upon the identification of the arresting officer. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Clarify (Document No. 75) be **DENIED as moot**.

Fifth, the undersigned addressed the issue of improper service of Defendant Ballard. The Court noted that Defendant Ballard had filed a Motion to Dismiss arguing improper service (Document No. 92). Specifically, Defendant Ballard argues that the Summons and Complaint were accepted between September 22 – 26, 2017, by Rita McGuffin, an employee at MOCC. Defendant Ballard contends that Ms. McGuffin was not authorized to accept service on his behalf and that his employment with MOCC end on or about September 19, 2017, prior to the attempted service. The Court then inquired as to whether Ms. Matheny would be willing to file a waiver of service on behalf of Defendant Ballard. Ms. Matheny, however, informed the Court that she did not have

---

[1] The Court notes that Plaintiff is proceeding *in forma pauperis* and is entitled to rely on the Court for assistance regarding service. 28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve all process and perform all duties in such cases." A plaintiff is required to provide the court with the information necessary to identify the defendant and officers of the court are charged with assisting the plaintiff with service of process under Section 1915(d).

authorization or authority to do such. Accordingly, the undersigned **ORDERED** Ms. Matheny to disclose to the Court, *in camera*, the home address of Defendant Ballard by **December 12, 2017**.

Sixth, the undersigned addressed the issue of improper service as to Defendant Alex Marshall. The Court noted that Defendant Marshall asserted improper service as an affirmative defense in his Answer and the Docket Sheet reflected that service had been returned unexecuted by the USMS (Document Nos. 125 and 126.). The Court then inquired as to whether Mr. Kuratomi would be willing to file a waiver of service on behalf of Defendant Marshall. Mr. Kuratomi, however, informed the Court that he did not have authorization or authority to do such. Accordingly, the undersigned **ORDERED** Mr. Kuratomi to disclose to the Court, *in camera*, the home address of Alex Marshall by **December 12, 2017**.

Seventh, the undersigned addressed Plaintiff's Motion for Default as to HPD (Document No. 112). The Court noted that Plaintiff requested default judgment based upon the appearance that service was returned executed as to HPD, but no Answer had been filed. The Court then noted that HPD filed its Answer on November 20, 2017, and a Response arguing that Plaintiff's Motion for Default should be denied because HPD was not properly served. (Document Nos. 113 and 117.) Specifically, HPD argued that Carol Nouse was not an authorized agent to accept service on behalf of the HPD because she was not a chief executive officer, the mayor, city manager, city recorder, city clerk, city treasurer, or any member of the city's council or board of commissioners. The Court explained to Plaintiff that the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, default be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010)(citations omitted). The Court then inquired as to whether Mr. Kuratomi would be willing to file a waiver of service on behalf of Defendant HPD. Mr. Kuratomi acknowledged

that he would file a waiver of service as to HPD and Plaintiff agreed to withdraw his Motion for Default as to HPD. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Default as to HPD (Document No. 112) be **TERMINATED**. Mr. Kuratomi is **DIRECTED** to file the waiver of service on behalf of HPD by **December 12, 2017**.

Finally, the undersigned addressed Plaintiff's Motion for Default as to Defendant York (Document No. 121). The Court noted Plaintiff's argument that Defendant York was properly served on September 25, 2017. (Document No. 68.) The Court further noted that Defendant York filed his Answer on December 1, 2017, wherein he asserted insufficient service of process as an affirmative defense. (Document No. 124.) The Court then advised Plaintiff that a review of the Return Receipt card revealed that delivery was not properly restricted to the addressee. The undersigned further advised Plaintiff that even though the signature on the Return Receipt was illegible, it did not appear to be signed by Michael York. The Court then inquired as to whether Mr. Smith would be willing to file a waiver of service on behalf of Defendant York. Mr. Smith acknowledged that he would file a waiver of service as to Defendant York and Plaintiff agreed to withdraw his Motion for Default as to Defendant York. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Default as to Defendant York (Document No. 121) be **TERMINATED**. Mr. Smith is **DIRECTED** to file the waiver of service on behalf of Defendant York by **December 12, 2017**.

The Clerk is directed to send a copy of this Order to Plaintiff, counsel of record, any unrepresented party, and the Records Department of Mt. Olive Correctional Center.

ENTER: December 7, 2017.

Omar J. Aboulhosn
United States Magistrate Judge